**Docket Nos. 24-2179 (L), 24-3463**

*In the*

# United States Court of Appeals
*For the*
# Ninth Circuit

---

CARLOS DADA, et al.,

*Plaintiffs-Appellants,*

v.

NSO GROUP TECHNOLOGIES LIMITED, et al.,

*Defendants-Appellees.*

———————————————————
*Appeal from a Decision of the United States District Court for the Northern District of California,*
*No. 3:22-cv-07513-JD · Honorable James Donato*

---

### APPELLANTS' MOTION TO STRIKE VOLUME II OF APPELLEES' SUPPLEMENTAL EXCERPTS OF RECORD AND CERTAIN PORTIONS OF APPELLEE'S ANSWERING BRIEF
**[REDACTED]**

---

JAMEEL JAFFER
CAROLINE DECELL
STEPHANIE KRENT
MARY "ALLIE" SCHIELE
KNIGHT FIRST AMENDMENT INSTITUTE AT
COLUMBIA UNIVERSITY
475 Riverside Drive, Suite 302
New York, New York 10115
Tel: (646) 745-8500
jameel.jaffer@knightcolumbia.org
carrie.decell@knightcolumbia.org
stephanie.krent@knightcolumbia.org
allie.schiele@knightcolumbia.org

COREY STOUGHTON
ALVARO MON CUREÑO
SELENDY GAY PLLC
1290 Avenue of the Americas, 17th Floor
New York, New York 10104
Tel: (212) 390-9000
cstoughton@selendygay.com
amoncureno@selendygay.com

*Attorneys for Appellants Carlos Dada, Sergio Arauz, Gabriela Cáceres Gutiérrez, Julia Gavarrete, Roman Gressier, Gabriel Labrador, Ana Beatriz Lazo Escobar, Efren Lemus, Daniel Lizárraga, Carlos López Salamanca, Carlos Martínez, Óscar Martínez, María Luz Nóchez, Víctor Peña, Nelson Rauda Zablah, Daniel Reyes Martínez, Mauricio Sandoval Soriano, and José Luis Sanz*

---

 COUNSEL PRESS INC. · (213) 680-2300      PRINTED ON RECYCLED PAPER 

# INTRODUCTION

Pursuant to Federal Rule of Appellate Procedure 27(a)(1), Plaintiffs-Appellants ("Plaintiffs") move to strike Volume II of Defendants-Appellees' ("Defendants") Supplemental Excerpts of Record, which consists of the ██████████ ████████████████████████████████████████████████████ ███████████████████████████████, and the portions of Defendants' Answering Brief that rely on the same (together with the ████████████, the "Sealed Materials"). The Sealed Materials should be struck because the district court denied Defendants leave to file the ████████████ and, as a result, the district court did not consider it when deciding the matter on appeal to the Court. Defendants never appealed that final decision. Striking the Sealed Materials is also appropriate for the independent reason that Defendants failed to properly or timely move this Court to supplement the record on appeal to include the ████████████.

# BACKGROUND

On November 30, 2022, Plaintiffs filed their Complaint and approximately two weeks later, on December 16, 2022, they filed their Amended Complaint. On April 14, 2023, Defendants moved to dismiss, and briefing closed on that motion on June 2, 2023. Six months later, on January 6, 2024, Defendants sought leave to supplement their arguments and present additional evidence through the ████████████ ████████ to the district court. *See Dada v. NSO Grp. Techs. Ltd.*, 2024 WL 1024736

(N.D. Cal. Mar. 8, 2024), ECF No. 74 (Motion for Leave to File a Supplemental Memorandum in Support of Defendants' Motion to Dismiss). The district court denied Defendants' request and Defendants did not appeal from that order nor do they cross-appeal it here. The district court did not consider the ▓▓▓▓▓ in issuing the order that is on appeal before this Court. *See Dada v. NSO Grp. Techs. Ltd.*, 2024 WL 1024736 (N.D. Cal. Mar. 8, 2024), ECF No. 76.

The ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.[1] Instead of seeking to place ▓▓▓▓▓ before the district court as part of that motion, Defendants inexplicably waited until after briefing had closed. Defendants employed this same tactic in a related case and were admonished for it. *Apple Inc. v. NSO Grp. Techs. Ltd.*, No. 3:21-CV-09078-JD, 2024 WL 251448, at *3 (N.D. Cal. Jan. 23, 2024) (Defendants "used [a supplemental brief] as an opportunity to make arguments that could and should have been made in its opening brief,

---

[1] ▓▓▓▓▓▓▓▓▓▓▓▓, SER–43 (¶¶ 5, 6), but this cannot excuse Defendants' delay. As an initial matter, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *Id.* ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See, e.g.*, SER-58 ▓▓▓▓▓▓▓▓▓▓.

2

and that involve purported facts that were available in many instances before that brief was filed."). Undeterred, Defendants seek once more to improperly include the ▇▇▇▇▇▇▇▇▇▇ as part of the record on appeal.

## ARGUMENT

This Court should reject Defendants' endeavors to circumvent the district court's decision not to allow Defendants to rely on information they belatedly and improperly put before the court. Indeed, the Court *must* reject those endeavors because the ▇▇▇▇▇▇▇▇▇▇ is not part of the record on appeal and Defendants have not properly moved to make it part of the record on appeal, thereby waiving any entitlement to do so. Under these circumstances, the Court cannot consider the Sealed Materials and should strike them.

*First,* the Federal Rules of Appellate Procedure make clear that this Court generally may only consider materials actually considered by and filed with the district court. Fed. R. App. P. 10(a)(1) ("The following items constitute the record on appeal: (1) the original papers and exhibits filed in the district court"); *Lowry v. Barnhart*, 329 F.3d 1019, 1024-25 (9th Cir. 2003) ("Save in unusual circumstances, [circuit courts] consider only the district court record on appeal . . . It is a basic tenet of appellate jurisprudence that parties may not unilaterally supplement the record on appeal with evidence not reviewed by the court below." (internal citation omitted)). The Sealed Materials may not be considered because the ▇▇▇▇▇▇▇▇▇▇ was

3

never formally filed with the district court, was never considered by the district court, and thus does not constitute part of the record on appeal. *Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988) ("Papers not filed with the district court or admitted into evidence by that court are not part of the clerk's record and cannot be part of the record on appeal.").

Although Defendants submitted the ▮▮▮▮▮▮▮▮▮▮ as part of their motion seeking leave to file supplemental briefing, the district court denied them leave to do so, s*ee Dada v. NSO Grp. Techs. Ltd.*, 2024 WL 1024736 (N.D. Cal. Mar. 8, 2024), ECF No. 76; therefore, the declaration was therefore never "filed" within the meaning of Rule 10(a)(1). *See, e.g.*, *Nicholson v. Hyannis Air Serv., Inc.,* 580 F.3d 1116, 1127 n.5 (9th Cir. 2009) (holding that a document was merely "lodged" and not "filed" with the district court for purposes of Rule 10(a)(1) because the document was attached to a proposed sur-reply that the district court denied plaintiff-appellant leave to file); *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 684 (9th Cir. 1993) ("[An amended complaint] that was lodged with, but not accepted for filing by, the district court is not part of the record on appeal"); *Barcamerica Int'l USA Tr. v. Tyfield Importers, Inc.*, 289 F.3d 589, 595 (9th Cir. 2002) ("Matters . . . merely lodged with the clerk . . . are excluded from the definition" of the record on appeal found in Rule 10(a) (internal citation omitted)).

4

If Defendants wanted to rely on the ▌▌▌▌▌▌▌▌▌▌▌, then, they were required to file a cross-appeal of the district court's order denying their motion to supplement. *See* Fed. R. App. P. 4(a)(3) (a party must file a cross-appeal within 14 days of opposing counsel's filing of an appeal, or within the 30-day period prescribed by Rule 4(a)(1)(A), whichever is later); *Delgadillo v. Kijakazi,* No. 20-56211, 2022 WL 301548, at *1 (9th Cir. Feb. 1, 2022) (holding that where an appellant did not appeal a district court's denial of her motion to supplement the record or request a supplementation and remand, she "waived any argument to supplement the record"). By failing to do so, Defendants waived any entitlement to include the ▌▌▌▌▌▌ ▌▌ as part of the record on appeal, or rely on it in their Answering Brief, and this Court must strike the Sealed Materials.[2]

*Second*, even if there were a basis for the Court to excuse Defendants' failure to appeal the district court's order, which there is not, Defendants doubly failed by improperly assuming they had authority to unilaterally supplement the record, rather

---

[2] Defendants' timing requires the Court to strike the Sealed Materials. In *Lowry*, this Court made clear it will not tolerate parties who time the introduction of new material such that an appellant "argued the case on a record different from the one [the appellee] relied on. The appellate process is for addressing the legal issues a case presents, not for generating new evidence to parry an opponent's arguments." *Lowry*, 329 F.3d at 1025. The ▌▌▌▌▌▌▌▌▌▌ was not part of the district court's record below and Defendants made no effort to supplement the record prior to the filing of Plaintiffs' opening brief. That unfairly deprived Plaintiffs of the opportunity to address these issues in that brief, wasting the parties' and the Court's time.

5

than moving this Court for leave to supplement the record. As this Court held in *Lowry*, "[o]nly the court may supplement the record . . . Litigants should proceed by motion or formal request so that the court and opposing counsel are properly apprised of the status of the documents in question." 329 F.3d at 1024–25. That motion should have been denied for the reasons set forth above, but in any case, Defendants did not make it, and their arrogation of power to unilaterally supplement the record must be rejected.

*Finally,* even if the Court were to overlook all the procedural improprieties listed above, Defendants have no justification for their dilatory efforts to expand the record on appeal. Defendants had the opportunity to include the ▇▇▇▇▇▇▇ with their original Motion to Dismiss briefing, or to appeal the district court's denial of the motion to supplement, or even to move this Court to supplement the appellant record. They did none of these things. For these reasons, the Court should strike the Sealed Materials from the record on appeal.

6

## CONCLUSION

For the reasons discussed above, the Court should strike the Sealed Materials.

Dated: November 6, 2024

        Respectfully submitted,

        /s/ *Corey Stoughton*
        Corey Stoughton
        Alvaro Mon Cureño
        SELENDY GAY PLLC
        1290 Avenue of the Americas
        New York, NY  10104
        Tel: 212-390-9000
        cstoughton@selendygay.com
        amoncureno@selendygay.com

        /s/ *Jameel Jaffer*
        Jameel Jaffer
        Caroline DeCell
        Stephanie Krent
        Mary "Allie" Schiele
        KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIAUNIVERSITY
        475 Riverside Drive, Suite 302
        New York, New York 10115
        Tel: (646) 745-8500
        jameel.jaffer@knightcolumbia.org
        carrie.decell@knightcolumbia.org
        stephanie.krent@knightcolumbia.org
        allie.schiele@knightcolumbia.org

        *Attorneys for Plaintiffs–Appellants*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

**9th Cir. Case Number(s)** <u>24-2179(L), 24-3463                              </u>

I am the attorney or self-represented party.

**This brief contains 1,522 words,** including 0 words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[X] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    [ ] it is a joint brief submitted by separately represented parties.
    [ ] a party or parties are filing a single brief in response to multiple briefs.
    [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).


**Signature** <u>/s/ *Corey Stoughton*                    </u> **Date** <u>November 6, 2024          </u>

## CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2024, I caused the foregoing document to be electronically filed with the clerk of the court for the United States Court of Appeals for the Ninth Circuit using the CM/ECF system.

I certify that service will be accomplished by the CM/ECF system, which will send notice to all users registered with CM/ECF.

Dated: November 6, 2024

> Respectfully submitted,
>
> /s/ *Corey Stoughton*
> Corey Stoughton

9